## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RANDAL J. DITCH,
          Appellant,

      v.

FEDERAL DEPOSIT INSURANCE
   CORPORATION,
          Agency.

DOCKET NUMBER
DE-0752-15-0022-I-1

DATE: February 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Robert J. Truhlar</u>, Esquire, Centennial, Colorado, for the appellant.

<u>Johnathan P. Lloyd</u>, Esquire, Dallas, Texas, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's demotion and reassignment action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the ex parte communication considered by the deciding official was cumulative of the information provided to the appellant and therefore did not violate his due process rights, we AFFIRM the initial decision.

## BACKGROUND

¶2      On April 11, 2014, the agency proposed to remove the appellant from his CG-0570-13 Supervisory Examiner position, based on the charge of conduct unbecoming a supervisor (21 specifications) and lack of candor (3 specifications). Initial Appeal File (IAF), Tab 10 at 24-31. After reviewing the record, including the appellant's written and oral replies, the deciding official only sustained 10 of the specifications under the charge of conduct unbecoming a supervisor, finding that: (1) the appellant had sex with a subordinate female employee, off duty, on two occasions (Specifications 1 and 2); (2) on October 31, 2013, the appellant, the subordinate female employee, and another employee whom the appellant supervised went to a bar and drank during duty hours (Specification 9); (3) while at the bar, the appellant insisted that the subordinate female employee drink a shot of whiskey, saying, "drink it, come on, don't be a pussy" (Specification 10); (4) the appellant and the female subordinate employee kissed while at the bar (Specification 11); (5) the appellant certified the subordinate female employee's

timesheet for October 31, 2013, as working her regular 8-hour shift, instead of accounting for the time she spent with him at the bar (Specification 13); (6) despite the subordinate employee having advised the appellant that she was interested in only a professional relationship, on November 22 and 23, 2013, while they both were on duty, the appellant expressed his continued romantic feelings to her, and, the next day, sent her a text message saying that he still had feelings for her and stating that he was going to find a way to reassign her (Specifications 14 and 15); (7) on November 27, 2013, the appellant instructed the subordinate employee to meet with him during duty hours, at which time he asked her if they had a chance for a personal relationship and if she had feelings for him (Specification 17); and (8) on December 2, 2013, the appellant, during duty hours, told another subordinate employee of his romantic feelings for the female subordinate employee and that he had slept with her (Specification 18). *Id*. at 26-28; IAF, Tab 5 at 37. The deciding official did not sustain the charge of lack of candor. IAF, Tab 5 at 38. Based on the sustained misconduct, the deciding official mitigated the penalty to a demotion to a CG-0570-12 nonsupervisory Risk Examiner position and a reassignment from the Denver, Colorado Field Office to the Tulsa, Oklahoma Field Office. *Id*. at 39.

¶3      The appellant filed a Board appeal challenging the agency action, and, after holding a hearing, the administrative judge issued an initial decision affirming the appellant's demotion and reassignment. IAF, Tab 73, Initial Decision (ID). First, the administrative judge found that the agency proved the misconduct set forth in the 10 specifications sustained by the deciding official. ID at 4-18. Then, he found that the agency established a nexus between the misconduct and the efficiency of the service because the charged misconduct occurred substantially while the appellant was on duty.[2] ID at 18-19. The administrative judge further

---

[2] To the extent that the specifications involved off-duty misconduct, the administrative judge found that the agency established nexus because the deciding official credibly

found that the appellant failed to prove that his sex was a motivating factor in his demotion and reassignment. ID at 19-27.

¶4      With respect to the appellant's claims that the agency violated his due process rights, the administrative judge found that there was no credible evidence that certain ex parte communications, i.e., three timelines created by agency employees, records of electronic toll collections on a Denver area highway, and information on an employee's airline travel, were provided to the deciding official. ID at 30-33. As for the ex parte communication that the deciding official did consider—a memorandum detailing the subordinate female employee's inconsistent statements during the investigation—the administrative judge found that the information was favorable to the appellant because it led the deciding official not to sustain some of the specifications and, thus, such consideration was not a due process violation. ID at 33-34. Furthermore, she noted that the memorandum was "largely duplicative" of the information already provided to the appellant. ID at 34. The administrative judge also found that the deciding official's consideration of the memorandum did not constitute harmful error. ID at 35-36. Finally, the administrative judge found that the agency established that the unified penalty of demotion and reassignment was within the bounds of reasonableness and that the appellant failed to establish his claim of disparate penalty. ID at 36-42.

¶5      In his petition for review, the appellant asserts, among other things, that the agency failed to show that the unified penalty was reasonable and that the deciding official violated his due process rights by improperly considering new and material ex parte communications. Petition for Review (PFR) File, Tab 1. The agency has responded to the petition for review, and the appellant has replied to the response. PFR File, Tabs 3-4.

---

testified that the appellant's conduct undermined her confidence in the appellant. ID at 19.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The deciding official did not violate the appellant's due process rights by considering the memorandum about inconsistencies in the subordinate's statements because it was cumulative of the information given to the appellant.</u>

¶6    The administrative judge found that the deciding official's consideration of a memorandum outlining the subordinate female employee's inconsistent statements during the administrative investigation was not improper because "there is no [due process] violation when the ex parte information is favorable to the appellant."  ID at 29-30, 33-34.  In doing so, the administrative judge relied on a nonprecedential Board decision[3] interpreting the language in *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1280 (Fed. Cir. 2011), in which the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held, in part, that an employee must receive "notice of any aggravating factors supporting an enhanced penalty."  ID at 29-30.  Specifically, the administrative judge construed this language to mean that due process requires only that an agency give an employee notice of aggravating factors, not mitigating factors that are beneficial to him.  *Id*.  On review, the appellant contends that knowledge of the memorandum would have been important to his ability to respond to the specifications of misconduct based on these statements and would have allowed him to argue the weight to be given to this important mitigating factor.  PFR File, Tab 1 at 21-23.

¶7    We find that the administrative judge took an overly restrictive view of an agency's due process requirements.  The U.S. Supreme Court in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985), described "[t]he essential requirements of due process" as "notice and an opportunity to respond," explaining that the employee "is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to

---

[3] Nonprecedential decisions do not constitute binding authority on the Board.  5 C.F.R. § 1201.117(c)(2); *see Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶ 12 n.5 (noting that the Board was not citing nonprecedential decisions as precedent).  Thus, the administrative judge should not have relied on the nonprecedential decision.

present his side of the story." Building on the holdings in *Loudermill*, the Federal Circuit's decisions in *Ward*, 634 F.3d at 1279-80, and *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999), found that a deciding official violates an employee's due process rights when she relies upon new and material ex parte information as a basis for her decisions on either the merits of a proposed charge or the penalty to be imposed. *See Johnson v. Department of the Air Force*, 50 F.4th 110, 115-16 (Fed. Cir. 2022); *Norris v. Securities and Exchange Commission*, 675 F.3d 1349, 1354 (Fed. Cir. 2012); *see also Gray v. Department of Defense*, 116 M.S.P.R. 461, ¶ 6 (2011).

¶8    *Ward*, *Stone*, and their progeny recognize, however, that not all ex parte communications rise to the level of due process violations; rather, only ex parte communications that introduce new and material information to the deciding official are constitutionally infirm. *Gray*, 116 M.S.P.R. 461, ¶ 6. In *Stone*, the Federal Circuit identified the following factors to be used to determine if ex parte information is new and material: (1) whether the ex parte information introduced cumulative, as opposed to new, information; (2) whether the employee knew of the information and had an opportunity to respond to it; and (3) whether the communication was of the type likely to result in undue pressure on the deciding official to rule in a particular manner. *Stone*, 179 F.3d at 1377. Ultimately, we must determine whether the ex parte communication is "so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances." *Id*. A deciding official does not commit a due process violation when she considers ex parte information that merely "confirms or clarifies information already contained in the record." *Blank v. Department of the Army*, 247 F.3d 1225, 1229 (Fed. Cir. 2001). Thus, the essential question is whether an ex parte communication is new and material—the favorability of the information is not relevant.

¶9    We find that the ex parte communication at issue here, i.e., the memorandum summarizing inconsistent statements by the female subordinate, is

not new because it is cumulative of the information contained in the record provided to the appellant. The memorandum, which was drafted by the agency's Assistant Regional Director and Senior Human Resources Specialist, was based on the evidence gathered during the agency's investigation, including the transcripts of the subordinate's two interviews. IAF, Tab 44 at 71-80; Hearing Transcript (HT), April 7, 2015, at 198-99 (testimony of the Assistant Regional Director); HT, April 8, 2015, at 172, 183 (testimony of the Senior Human Resources Specialist); HT, April 9, 2015, at 11-12 (testimony of the deciding official). The documents the agency used to draft the memorandum, including the transcripts of the subordinate's interviews, were provided to the appellant.[4] IAF, Tab 6 at 15-43, Tab 13 at 50-106, Tab 14 at 4-65. In fact, the appellant focused his replies extensively on the subordinate's inconsistent statements. IAF, Tab 5 at 72-85, Tab 6 at 59, 64-66, Tab 7 at 18-20. He even created a document with a table setting forth the inconsistent statements, the evidence that contradicted them, and citations for the contradictory evidence. IAF, Tab 5 at 80-85.

¶10    Thus, the appellant had the information relied on by the agency, which allowed him to draw the same conclusions as those contained in the agency memorandum. The deciding official considered this argument, as demonstrated by the fact that she did not sustain several of the specifications against the appellant, citing "conflicting testimony." *Id*. at 37; HT, April 9, 2015, at 14 (testimony of the deciding official). The Board has found that a deciding official does not violate an employee's due process rights when she considers issues

---

[4] The transcript of the female subordinate's first interview was included in the materials relied on, which were given to the appellant and to which he responded in his written reply. IAF, Tab 6 at 77-88, Tab 7 at 4-20, Tab 13 at 50-106, Tab 14 at 4-65. Because of the appellant's written and oral replies, which noted some inconsistencies in the female subordinate's statements, the deciding official requested that the female subordinate be interviewed again. HT, April 9, 2015, at 9 (testimony of the deciding official). The appellant was provided with a transcript of the second interview and afforded an opportunity to respond, which the appellant did. IAF, Tab 5 at 72-85, Tab 6 at 15-43.

raised by the employee in his response to the proposed adverse action. *See Grimes v. Department of Justice*, [122 M.S.P.R. 36](#), ¶ 13 (2014); *see also Blank*, 247 F.3d at 1229. Thus, the appellant, having thoroughly raised the issue of the inconsistent statements in his replies, cannot now claim that he was unaware of the issue and that the administrative judge's consideration of it constitutes a due process violation.[5]

¶11    In conclusion, the memorandum, while an ex parte communication, was not new, because it was cumulative of the information provided to the appellant. Therefore, consideration of this ex parte communication did not violate the appellant's due process rights.[6]

---

[5] To the extent that the appellant argues that the memorandum includes references to the investigators' impression of the subordinate's demeanor during the interview, which constitutes new and material information, the argument is misplaced. PFR File, Tab 1 at 22. First, there is only one reference to the subordinate's demeanor during the interviews in the memorandum, i.e., that her demeanor during the interviews "did not suggest[] that she [was] in any way intimidated by management." IAF, Tab 44 at 78. Nevertheless, upon review of the memorandum, it appears that the subordinate's lack of intimidation was discerned from several sources other than just her demeanor, including text messages that the appellant had in his possession. *Id*. at 71-80. Accordingly, this information is also cumulative, and consideration of it is not a violation of the appellant's due process rights.

[6] The appellant also argued on review that the administrative judge did not address his allegation that the deciding official violated his due process rights by considering ex parte information concerning the agency's potential financial liability as a result of the female subordinate filing a sexual harassment equal employment opportunity complaint against the appellant. PFR File, Tab 1 at 23-25. The administrative judge, however, did address this argument, finding that the deciding official credibly testified that the language was expunged from the notice and that she did not consider it with respect to the appellant's discipline. ID at 25 n.23. The appellant has not presented sufficiently sound reasons to disturb the administrative judge's findings, and, thus, we defer to the administrative judge's credibility determination. *See Haebe v. Department of Justice*, [288 F.3d 1288](#), 1301 (Fed. Cir. 2002) (explaining that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing, and the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

<u>The unified penalty of demotion and reassignment is reasonable.</u>

¶12 The appellant has not challenged, and we discern no basis to disturb, the administrative judge's findings with respect to the merits of the charge,[7] nexus, his affirmative defense of sex discrimination,[8] or his claims of harmful procedural error.[9] ID at 4-27, 34-36. The appellant instead challenges the administrative judge's findings regarding the reasonableness of the penalty, arguing that the agency did not consider all of the relevant *Douglas* factors, emphasizing the consistency of the penalty. PFR File, Tab 1 at 9-20.

¶13 When, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 25 (2014); *Douglas v. Veterans Administration*, 5 M.S.P.R.

---

[7] The appellant did argue that the administrative judge failed to give the words of certain stipulations the appropriate meaning and weight, and, if he had done so, he would not have sustained Specification 9. PFR File, Tab 1 at 7-9. However, even if we were to assume that the administrative committed this error, it did not have any effect on the appellant's substantive rights because it is well established that, when there is one charge with multiple factual specifications, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge. *Miller v. U.S. Postal Service*, 117 M.S.P.R. 557, ¶ 17 (2012); *see Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990). Accordingly, we need not decide whether the administrative judge failed to give proper weight to the parties' stipulations.

[8] After the initial decision was issued, the Board clarified its analytical framework for Title VII status-based discrimination claims in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-25. However, because the administrative judge's analysis of the appellant's affirmative defense of sex discrimination is thorough, well-reasoned, and consistent with our findings in *Pridgen*, we discern no reason to disturb it. ID at 19-27.

[9] The administrative judge found that the agency did not commit harmful error because its consideration of the memorandum was favorable to the appellant as it resulted in the deciding official rejecting several specifications, and the information contained in the memorandum was largely duplicative of the information provided to the appellant. ID at 35-36. The parties do not dispute the administrative judge's findings on review, and because they are well-reasoned and supported by the record, we discern no basis to disturb them. *Id*.

280, 306 (1981). The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the imposed penalty clearly exceeded the bounds of reasonableness. *Archerda*, 121 M.S.P.R. 314, ¶ 25. Additionally, when, as here, an agency imposes a penalty of an adverse action combined with a reassignment, the Board must consider the reasonableness of the unified penalty, despite the fact that the Board generally lacks jurisdiction over reassignment actions. *See Brewer v. American Battle Monuments Commission*, 779 F.2d 663, 665 (Fed. Cir. 1985); *Tamburello v. U.S. Postal Service*, 45 M.S.P.R. 455, 471 (1990).

¶14     We agree with the administrative judge that the deciding official carefully considered the pertinent *Douglas* factors and exercised management discretion within tolerable limits of reasonableness in imposing the unified penalty of demotion and reassignment. ID at 36-42. As the deciding official's statements demonstrate, she considered the appellant's misconduct very serious as it caused "significant disruption to the efficiency of the Denver" office, particularly because as a supervisor the appellant was entrusted with significant responsibilities, including acting as a role model, demonstrating good judgment, developing members of his team, fostering a positive workplace culture, and promoting teamwork. IAF, Tab 5 at 38-45. It is well settled that supervisors may be held to a higher standard of conduct because they occupy positions of trust and responsibility. *Edwards v. U.S. Postal Service*, 116 M.S.P.R. 173, ¶ 14 (2010); *Martin v. Department of Transportation*, 103 M.S.P.R. 153, ¶ 13 (2006), *aff'd*, 224 F. App'x 974 (Fed. Cir. 2007). The deciding official also considered the factors that weighed in favor of mitigation, to include that the appellant had no past disciplinary record, he had 25 years of service, he got along with fellow workers, he was dependable, and, due to his 25 years of satisfactory performance as a Bank Examiner, she believed that he had the ability to perform in that position. IAF, Tab 5 at 41-42, 44.

¶15     With respect to his claims of disparate penalty, in his oral reply and in hearing testimony, the appellant identified a number of agency supervisors who had dated, and, in some instances, had eventually married subordinate employees. IAF, Tab 6 at 60; HT, May 20, 2015, at 48-53 (testimony of the appellant). Although the deciding official did not address the comparators identified by the appellant,[10] the administrative judge did, finding that these individuals were not proper comparators, in part because these incidents took place approximately 15 to 20 years ago under a different Regional Director. ID at 40-42. Because the administrative judge's findings are supported by the record, we discern no basis to disturb them.[11]

¶16     Thus, because we agree with the administrative judge that the agency considered all relevant factors and that the unified penalty of demotion and reassignment was well within the tolerable bounds of reasonableness, the agency's action was properly affirmed. ID at 42.

---

[10] To the extent the deciding official may have committed procedural error in not considering the comparators identified by the appellant, the appellant failed to show that such error was harmful, because, for the reasons articulated by the administrative judge, the appellant failed to show that consideration of such comparators likely would have caused the agency to reach a conclusion different from the one that it reached in the absence of the error. *See* 5 C.F.R. § 1201.4(r) (stating that to prove harmful procedural error, an appellant must show that the agency committed an error in applying its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error); *see also Forte v. Department of the Navy*, 123 M.S.P.R. 124, ¶ 19 (2016).

[11] In adjudicating the appellant's disparate penalty claim, the administrative judge cited *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 15 (2010). ID at 40-42. In *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶¶ 10-17, issued after the initial decision, we overruled *Lewis* to find that, when analyzing disparate penalty claims, broad similarity between employees is insufficient to establish that they are appropriate comparators, and to reaffirm that the relevant inquiry is whether the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently. Nevertheless, the administrative judge's reference to the standard set forth in *Lewis* was not prejudicial in this case because he properly found that the appellant failed to satisfy even that less onerous standard. ID at 40-42.

**NOTICE OF APPEAL RIGHTS**[12]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113. You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[12] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[13]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[13] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for
                                           Jennifer Everling
                                           Acting Clerk of the Board
Washington, D.C.