**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

FRANCISCO RODRIGUEZ,
                    Appellant,

            v.

DEPARTMENT OF AGRICULTURE,
                    Agency.

DOCKET NUMBER
DA-0752-17-0295-I-1

DATE: June 29, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Erin Martinez, El Paso, Texas, for the appellant.

Jose Calvo, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1          The agency has filed a petition for review of the initial decision, which reversed the agency's action on procedural grounds. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the agency has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to clarify the analysis of the appellant's discrimination and retaliation claims, we AFFIRM the initial decision.

## BACKGROUND

¶2         The appellant served as a GS-07 Consumer Safety Inspector assigned to the Caviness Beef Packers plant in Hereford, Texas.  Initial Appeal File (IAF), Tab 31 at 6, Tab 21 at 12.  On January 12, 2016, the Dallas District Manager of the Food Safety Inspection Service received a signed statement from a management official at Caviness alleging that the appellant offered to make problems between the agency's inspectors and plant management disappear if the management official approved 15 minutes overtime for the inspectors.  IAF, Tab 43 at 154-55, Tab 22 at 16, 18.  Because she determined that the appellant had lost credibility at Caviness due to these allegations, the District Manager, who was the appellant's fifth-level supervisor, temporarily detailed him to the next closest assignment, Cargill Meat Solutions, which is about 22 miles from Caviness, effective January 17, 2016.  IAF, Tab 21 at 12, Tab 22 at 16, 18.

¶3         The agency investigated the allegations and, based on sworn affidavits from Caviness management officials that the appellant had propositioned plant management as described above, it proposed to suspend the appellant for 60 days based on a charge of Unethical Use of Official Authority.  IAF, Tab 1 at 10-14.

The appellant provided oral and written replies to the proposal. IAF, Tab 43 at 2, 23-53. In a March 23, 2017 decision, the deciding official sustained the charge and suspended the appellant from April 2 to May 31, 2017. IAF, Tab 1 at 16-20. The agency subsequently made the appellant's detail to the Cargill facility permanent, citing the suspension as the reason for making the directed assignment. IAF, Tab 21 at 15.

¶4  The appellant filed a Board appeal. IAF, Tab 1. In pertinent part, he argued that the agency violated his due process rights when it imposed the 60-day suspension and permanent reassignment as a unified penalty. IAF, Tab 42 at 3. The administrative judge found that the Board had jurisdiction over both the suspension and the reassignment as a unified penalty because they arose out of the same circumstances for which the agency found the appellant culpable. IAF, Tab 49, Initial Decision (ID) at 4-6. He also found that the agency violated the appellant's procedural due process rights because the notice proposing his suspension failed to cite a permanent reassignment as a proposed penalty, depriving him of a reasonable opportunity to respond concerning the appropriateness of the penalty. ID at 8. Consequently, the administrative judge reversed the agency's action, canceling the appellant's suspension and his directed reassignment. ID at 15. He did not order interim relief. ID at 17.

¶5  In its petition for review, the agency contends that the administrative judge erred in finding that a personnel action that enhances an adverse action penalty creates a constitutionally protected property interest that mandates notice of the enhancement in the notice of proposed action. Petition for Review (PFR) File, Tab 1 at 4, 17. The agency argues that the Board has never held that a failure to provide advance notice of a reassignment constitutes a denial of due process and that neither the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) nor the Board have ruled that an agency's failure to provide notice that it was considering reassignment as a penalty enhancement implicates a procedural due process issue. *Id.* at 7-8. The agency contends that, because notice is not

required before the agency can effect a reassignment that, like here, does not involve a loss of grade or pay, there was no taking of property protected by the due process clause. *Id.* at 9-11. The agency also argues that the Board's jurisdiction to review a unitary penalty does not create any new due process requirements and contends the administrative judge therefore erred in extending due process protection to the agency's decision to reassign him. *Id.* at 11-14. Instead, the agency asserts that any defect in the notice given the appellant concerning the penalty should be governed by the harmful error standard. *Id.* at 15-18. The appellant responded in opposition to the agency's petition for review and the agency filed a reply to the appellant's response. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly found that the 60-day suspension and reassignment constitute a unitary penalty.</u>

¶6    As a general rule, the Board does not have appellate jurisdiction over reassignments that do not constitute a reduction in grade or pay, even when the reassignment reduces the employee's status, duties, or responsibilities. *Aliota v. Department of Veterans Affairs*, 60 M.S.P.R. 491, 495 (1994) (citing *Artmann v. Department of the Interior*, 926 F.2d 1120 (Fed. Cir. 1991)). Jurisdiction exists, however, when the reassignment is part of a unitary penalty that is otherwise within the Board's jurisdiction. *Id.* (citing *Brewer v. American Battle Monuments Commission*, 779 F.2d 663 (Fed. Cir. 1985) (finding that the Board had jurisdiction over a reassignment imposed in connection with a demotion as part of a unified penalty arising out of the same set of circumstances)).

¶7    In this matter, the administrative judge found that the appellant's 60-day suspension and reassignment comprised a unitary penalty because the agency relied on the same incident of misconduct as the basis for both actions. ID at 6. Neither party challenges this on review. Instead, the agency concedes on review

that it implemented a unitary penalty and contends that the administrative judge erred in finding that it violated the appellant's right to due process by failing to cite the directed reassignment part of the unitary penalty in the notice of proposed suspension that it issued to the appellant. PFR File, Tab 1 at 7-8.

¶8 Because the 60-day suspension and the directed reassignment both arose from the same set of circumstances for which the agency found the appellant culpable, we agree with the administrative judge that the two actions comprise a unitary penalty over which the Board has jurisdiction. ID at 6; *see Brewer*, 779 F.2d at 664-65. Moreover, not only does the Board have jurisdiction to review both actions as a unitary penalty, our reviewing court has indicated that under such circumstances, i.e., when an appealable adverse action is paired with a directed reassignment that would not be appealable in and of itself, the Board should review the entire agency action, including the directed reassignment. *Brewer*, 779 F.2d at 665.

The administrative judge properly reversed the agency's action on procedural grounds.

¶9 Pursuant to the Federal Circuit's decisions in *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011), and *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999), a deciding official violates an employee's due process rights when he relies upon new and material ex parte information as a basis for his decisions on the merits of a proposed charge or the penalty to be imposed. This is because procedural due process guarantees are not met if the employee has notice of only certain charges or portions of the evidence and the deciding official considers new and material information; therefore, it is constitutionally impermissible to allow a deciding official to receive additional undisclosed material information that may undermine the objectivity required to protect the fairness of the process. *Stone*, 179 F.3d at 1376. Moreover, our reviewing court has held that there is no constitutionally relevant distinction concerning whether such additional

undisclosed information relates to the underlying charge or to the penalty. *Ward*, 634 F.3d at 1280. Thus, all the aspects of a penalty must be included in the advance notice of an adverse action so that the employee will have a fair opportunity to respond to those factors before the deciding official. *Ward*, 634 F.3d at 1280; *Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶¶ 9-10 (2012); *cf. Pope v. U.S. Postal Service*, 114 F.3d 1144, 1148 (Fed. Cir. 1997) (finding that due process requires that charges be sufficiently detailed to allow the employee to make an informed reply).

¶10        The record reflects that the agency's notice of proposed suspension in this matter did not mention the appellant's directed reassignment. IAF, Tab 10 at 17-21. In his response to the agency's petition for review, the appellant reiterates the administrative judge's finding that the agency gave him no opportunity to respond concerning the penalty of directed reassignment. PFR File, Tab 3 at 16; ID at 9. We agree with the administrative judge that the agency violated the appellant's due process guarantee to a meaningful opportunity to respond concerning the appropriateness of the penalty. ID at 10; *Solis*, 117 M.S.P.R. 458, ¶ 10.

¶11        The agency's arguments on review—that the appellant had no property interest in the location of his assignment and that a reassignment without the loss of grade or pay is not an adverse action appealable to the Board, but is instead a management prerogative that does not create new due process rights—ignore the fact that the reassignment in this case is part of a *unified penalty* and do not change the analysis. PFR File Tab 1 at 9-15. As the above analysis indicates, the agency's failure to mention the appellant's directed reassignment in the notice of proposed suspension deprived him of his due process right to make a meaningful response to the proposed action. Accordingly, the agency has failed to provide a basis for disturbing the administrative judge's finding that the agency violated the appellant's constitutional right to minimum due process of law by failing to provide him with an opportunity to respond to the notice of directed

reassignment. *See Schutte v. Department of the Treasury*, 100 M.S.P.R. 645, ¶ 9 (2005). Thus, his suspension and directed reassignment must be reversed and the agency may initiate a "new constitutionally correct" proceeding based on the same facts. *Solis*, 117 M.S.P.R. 458, ¶ 10 (quoting *Ward*, 634 F.3d at 1280).

The appellant failed to establish his discrimination and retaliation claims.

¶12    Concerning the appellant's affirmative defenses, we also agree with the administrative judge that the appellant failed to establish his various claims of discrimination and retaliation. ID at 12-15; IAF, Tab 42 at 3. Although the appellant did not file a cross petition for review challenging the administrative judge's findings on this point, we take this opportunity to clarify the analysis of these claims.

¶13    The administrative judge analyzed these claims under the legal standards set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 42, 48-49, 51 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25. In applying these standards, the administrative judge discussed various types of direct and circumstantial evidence, and concluded that the record lacked any evidence that the agency was motivated by a discriminatory or retaliatory animus when it suspended and reassigned the appellant. ID at 12-15; *see Savage*, 122 M.S.P.R. 612, ¶ 42 (identifying different types of evidence relevant to a discrimination claim). The Board has clarified that *Savage* does not require administrative judges to separate "direct" from "indirect" evidence and reaffirmed its holding in *Savage*, 122 M.S.P.R. 612, ¶ 51, that the dispositive inquiry is whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 30 (2016), *clarified by Pridgen*, 2022 MSPB 31, ¶¶ 23-24.

¶14    The administrative judge found that the appellant produced no direct evidence of discrimination or retaliation. ID at 12. He also found that the circumstantial evidence the appellant produced did not indicate that the agency

had discriminated or retaliated against him because neither the proposing official nor the deciding official were implicated in the appellant's allegations and the appellant failed to show that the agency used either of those officials, under a "cat's paw" theory, to effect the action for discriminatory or retaliatory purposes, ID at 12-14. *Staub v. Proctor Hospital*, 562 U.S. 411, 422 (2011); *see Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶¶ 20-21 (2014) (explaining "cat's paw" to describe an instance when a particular management official, acting because of an improper animus, influences another agency official who is unaware of the improper animus when the latter official implements a personnel action). The administrative judge also found the appellant's unsupported and conclusory allegations failed to show that the agency's stated reasons for its action were unworthy of belief. ID at 14-15. The administrative judge distinguished between direct and circumstantial evidence and there is no indication that he disregarded any evidence in concluding that the appellant failed to meet his burden of proof. ID at 12-15.

¶15    As noted above, the appellant does not challenge the administrative judge's findings on review, and we decline to disturb them. To the extent that the administrative judge discussed the evidence as either direct or indirect, or suggested that an appellant must prove a convincing mosaic of discrimination, we modify the initial decision to find that the appellant did not present any evidence of status-based discrimination or retaliation.[2] ID at 12-15; *see Pridgen*, 2022 MSPB 31, ¶¶ 23-24.

---

[2] Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that discrimination or retaliation was a "but-for" cause of the agency's decisions. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

**ORDER**

¶16     We ORDER the agency to cancel the suspension and the directed reassignment and retroactively restore the appellant, effective April 2, 2017.  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶17     We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, as appropriate, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶18     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶19     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶20     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation

necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                           /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.