Morris V. BREWER, Petitioner,

v.

AMERICAN BATTLE MONUMENTS
COMMISSION, Respondent.

Appeal No. 85–2044.

United States Court of Appeals,
Federal Circuit.

Dec. 12, 1985.

Keith R. Anderson, Schwalb, Donnenfeld, Bray & Silbert, Washington, D.C., argued for petitioner. With him on the brief was James K. Stewart, Washington, D.C., Leodis C. Matthews and Robert J. Fiore, O'Haire, Fiore & von Maur, Frankfort, West Germany, of counsel.

Terrance S. Hartman, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With him on the brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Washington, D.C.

Before FRIEDMAN, BALDWIN, and NEWMAN, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

The decision of the Merit Systems Protection Board (the board), 23 M.S.P.R. 554, reinstating petitioner's reduction in grade and refusing on jurisdictional grounds to review his transfer to another post is vacated, and remanded for reconsideration of the propriety of the penalty imposed, in view of our conclusion that both the demotion and the transfer were inseparable parts of the adverse personnel action.

OPINION

I.

Petitioner Morris V. Brewer was initially charged by the agency with diverting, for personal gain, $1,025.53 worth of government property, and the agency proposed to remove him from his position as Superintendent of the Lorraine American Cemetery. The charge was investigated by the agency and by the Criminal Investigation Division of the Department of the Army. When the investigations and inventories were completed, the only article that had not been found was a broken vacuum cleaner.

The agency's charge against petitioner was then reduced to loss of government

property (the vacuum cleaner) and violation of two agency regulations: (1) that he had obtained supplies from the Defense Property Disposal Office (DPDO) without obtaining prior approval of the European Office and (2) that he had failed to forward documents relating to those supplies to the proper official. There was uncontroverted testimony and evidence that petitioner had signed forms for all property that he obtained from the DPDO; however, it was established that he had not complied with the two agency regulations.

In view of the reduced charges the agency no longer proposed to remove petitioner but proposed that he be demoted in grade and reassigned. A letter dated February 22, 1983 from the proposing official, General Donaldson, recommended that petitioner "be reduced in grade to US–GS–8 and be transferred to a position of less responsibility". A letter dated May 25, 1983 from the deciding official, General Adams, Officer-in-Charge of the agency's European Office was headed:

Subject: Decision for Reduction and Reassignment and stated:

[I]t is my judgment ... you can no longer perform satisfactorily at your present grade level at your present place of duty

and

it is my decision that, in order to promote the efficiency of the service, you be reduced to the grade of GS–9, Step 4 ... and reassigned to another American Battle Monuments Commission installation.... The reassignment effective date will be designated by the Officer-in-Charge.

In another letter General Donaldson refused Mr. Brewer's request that his transfer be postponed for compassionate reasons, i.e., the need of his wife to be near her hospitalized 82-year old father and the desire of his daughter to graduate with her high school class in 1984.

On appeal to the MSPB the presiding official found, based on uncontroverted evidence, that:

With regard to the vacuum cleaner, appellant explained that it was put in a corner after attempts to repair it were unsuccessful and that it was then thrown away by mistake. Appellant's account is confirmed by Marcel Hoerner, the individual who tried to repair the vacuum. The evidence thus establishes that this item was lost.

The presiding official held that: "the demotion and reassignment imposed by the agency clearly exceeded the limits of reasonableness", citing *Douglas v. Veterans Administration*, 5 MSPB 313, 5 M.S.P.R. 280 (1981). Referring to Mr. Brewer's "outstanding" and "excellent" ratings, the official cancelled the agency action and substituted a letter of reprimand.

On appeal by the agency, the full board held that the agency decision to demote Mr. Brewer was not an unreasonable penalty, taken alone, for the infractions that had been demonstrated. The board held that it was without jurisdiction to review the transfer, on the basis of the agency's assertions that the transfer was not part of the penalty but rather a management decision independent of the asserted wrongdoing.

In its brief before this court the agency cites *Thomas v. United States*, 709 F.2d 48 (Fed.Cir.1983), and *Hayes v. National Aeronautics and Space Administration*, 3 MSPB 1, 2 M.S.P.R. 477 (1980), for the proposition that a reassignment is not appealable. These cases deal with lateral transfers without reduction in grade or pay. None deals with the situation in which the transferee was the subject of a disciplinary action including both reduction in grade and reassignment. Neither the regulations nor the statute requires that the board review only a portion of the total penalty imposed in connection with a reduction in grade or pay. *See* 5 U.S.C. § 7512; 5 C.F.R. § 1201.3(a).

The record does not support the board's assertion that Brewer was reassigned for routine management purposes. The record consistently refers to the demotion and reassignment as a unified penalty arising out of the set of circumstances of which Mr. Brewer was found culpable. The pre-

siding official specifically stated that the reassignment was part of the agency's penalty, see footnote 4 of the initial decision:

> It is evident from the recommendation of General Donaldson and the agency's final decision ... that the reassignment was part of the penalty being imposed by the agency. The delayed implementation of the reassignment ... does not alter that fact.

The board's holding to the contrary is unsupported by any evidence. It is not a question of whether the reassignment reflected "bad faith", as the respondent argues before us. It is solely a question of whether the reassignment, in the circumstances here prevailing, is subject to review by the board.

 The agency argues that although the board has jurisdiction to review a reassignment that results in a reduction in grade, the board does not have jurisdiction to review a reassignment that accompanies or implements a reduction in grade. We do not consider this difference significant. The board has jurisdiction to review what is in both cases a unitary penalty. To hold otherwise would insulate from review a penalty that may clearly be excessive or unreasonable in view of *Douglas*, by merely reversing the order of reduction in grade and reassignment. We discern no statutory intent to achieve this result, which is on its face unfair.

We conclude that the penalty imposed on Mr. Brewer was the combined reduction in grade and transfer, and that the board's conclusion to the contrary is not supported by substantial evidence and is contrary to law. The MSPB has jurisdiction to review the entire adverse agency action and indeed must do so.

## II.

Petitioner asserts that wrongful *ex parte* communications occurred, to his detriment. We discern no reversible error in the events discussed in the record. Neither due process nor any statute or regulation prohibits contacts between the agency's deciding official and persons having knowl-edge of the incidents on which the charges against petitioner were based. *Gonzales v. Defense Logistics Agency,* 772 F.2d 887, 892 (Fed. Cir.1985); *Depte v. United States,* 715 F.2d 1481, 1484 (Fed.Cir.1983). This issue may not be raised for the first time on appeal. *Lizut v. Dept. of the Army,* 717 F.2d 1391, 1396 (Fed.Cir.1983).

VACATED AND REMANDED.