847 F.2d 842
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jean G. OLIVER, Petitioner,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 No. 87-3527.
 United States Court of Appeals, Federal Circuit.
 April 20, 1988.
 
 Before DAVIS, Circuit Judge, COWEN, Senior Circuit Judge, and EDWARD S. SMITH, Circuit Judge.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (board), docket No. DC07528610158, affirming, as modified, the removal of Jean G. Oliver (Oliver) by the Department of Health and Human Services, is affirmed.
 
 OPINION
 
 2
 Oliver was the Director of the Extramural Associates (EA) Program at the National Institutes of Health (NIH). In July 1985, Oliver wrote extremely critical memoranda to two deputy directors of NIH expressing her concerns with the EA grants program as well as her belief that her performance evaluation would be unfairly downgraded because of changes in an orientation under her supervision. She sent copies of these memoranda to the EA Advisory Board, a group of people from various NIH organizations. As a result of the memoranda, in August 1985, Oliver's second-line supervisor sent her a letter ordering her not to send such communications to anyone outside the office without his approval or that of her first-line supervisor. She was also advised that, if she wished to complain about the operation of the program, she could use the normal administrative procedures. Oliver made several requests of her supervisors to release reports, which requests were denied.
 
 
 3
 On September 10, 1985, at a meeting of the EA Advisory Board, Oliver said she was unable to make a report about the short- and long-term goals of the EA Program because she was under a "gag order." Then, in November 1985, Oliver sent memoranda to various individuals at NIH criticizing her first- and second-line supervisors. These memoranda had not been approved by either her first- or second-line supervisor. Following this action, she was removed for failure to follow a direct order, disrespectful conduct, and refusal to provide information.
 
 
 4
 The administrative judge (AJ) sustained the charges against Oliver. In addition, he found that certain ex parte contacts, alleged by Oliver to be improper, were not impermissible and that, in any event, they were harmless error. He found that the penalty of removal was within the bounds of reasonableness given the seriousness of the charges. The board agreed with the AJ that the ex parte communications were permissible and that Oliver had not shown that they constituted harmful procedural error. The board concluded that the AJ's consideration of the whistleblowing allegation was inadequate and reconsidered the allegation that Oliver's removal violated 5 U.S.C. Sec. 2302(b)(8). The board stated that, in order to show reprisal in violation of the statute, Oliver had to show (1) a protected disclosure was made; (2) the accused official knew of the claimant's disclosure; (3) the adverse action under review could, under the circumstances, have been retaliation; and (4) after careful balancing of the intensity of the accused official's motive against the gravity of the misconduct, a nexus is established between the adverse action and the motive, citing Warren v. Department of the Army, 804 F.2d 654, 656 (Fed.Cir.1986). The board found that the first three factors had been shown, but that Oliver had not shown the required nexus. The board found that the tone and wording of the memoranda were "so intemperate and otherwise inappropriate" that disciplinary action was warranted and that she would have been removed absent the retaliatory motive.
 
 
 5
 Oliver argues that it is impossible to separate the protected disclosures from the words used to make them. This is incorrect. As this court has previously held, the circumstances surrounding the making of protected disclosures may provide independent grounds for disciplinary action which do not violate 5 U.S.C. 2302(b)(8). See Mings v. Department of Justice, 813 F.2d 384 (Fed.Cir.1987); Stanek v. Department of Transporation, 805 F.2d 1572 (Fed.Cir.1986); Fiorello v. Department of Justice, 795 F.2d 1544 (Fed.Cir.1986).
 
 
 6
 Oliver also contends that the board erred in considering the nexus requirement because nexus was conceded by the agency. According to Oliver, the agency's only reason for firing her was her disclosures, and the board's inquiry should have ended when it found the disclosures to be protected. The board correctly considered the nexus requirement because the circumstances surrounding the disclosures had to be considered. The board found that, while the disclosures were protected, they were not primarily concerned with matters of public interest. In her memoranda, Oliver accused her supervisors of, among other things, lacking personal integrity and moral authority, being dishonest, incompetent, appallingly ignorant, unqualified, and having a lynch mob mentality. As the board found, these comments demonstrate a desire to cause disruption and to malign her supervisors which outweighs the alleged waste and mismanagement disclosed.
 
 
 7
 Next, Oliver claims that the board's opinion upholds the removal on a totally different ground from that relied upon by the agency. This argument is without merit. As we discussed above, the wording of Oliver's disclosures can be considered apart from the disclosures themselves, which is what the board did in this case.
 
 
 8
 With regard to the charge of refusing to give information, Oliver contends that she believed that the August letter forbade her to answer any questions concerning the future of the EA program. She argues that, because the letter was ambiguous, she was justified in her interpretation. However, Oliver simply ignores the AJ's finding that her testimony on this issue was disingenuous and that the AJ did not think she really believed the letter applied to oral communications. Credibility determinations are within the discretion of the AJ who heard the testimony and observed the demeanor of the witnesses. Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985). They are largely unreviewable by this court. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 
 9
 Oliver also contends that charge 3 is tainted by improper ex parte communications because the charge was based on information which was not disclosed to her. However, it is clear that there is no prohibition against a deciding official having contacts with persons having knowledge of the incidents upon which charges have been based. Brewer v. American Battle Monuments Comm'n, 779 F.2d 663, 665 (Fed.Cir.1985); Gonzales v. Defense Logistics Agency, 772 F.2d 887, 892 (Fed.Cir.1985); Welcker v. United States, 752 F.2d 1577, 1582-83 (Fed.Cir.1985). All of the information which was disclosed in the conversations was also disclosed in the minutes of the EA Advisory Board meeting, which Oliver prepared, and in a letter from Oliver's supervisor, both of which were given to her.
 
 
 10
 Finally, Oliver argues that the penalty of removal is unreasonably harsh and disproportionate to the conduct charged. The choice of a penalty is a matter of agency discretion which will not be disturbed unless it exceeds the range of permissible punishments or is " 'so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion ...'." Villela v. Department of the Air Force, 727 F.2d 1574, 1576 (Fed.Cir.1984) (quoting Power v. United States, 531 F.2d 505, 507 (Ct.Cl.1976), cert. denied, 444 U.S. 1044 (1980)). Oliver claims the penalty is excessively harsh because of her "unblemished record of exceptional performance" and the ambiguity of the August letter. However, the August letter was the result of a previous memorandum circulated by Oliver attacking another NIH employee. In addition, as the board found, the August letter was not ambiguous and Oliver did not really believe that it was. The board considered the seriousness of the offenses and their effect on the efficiency of the service. The imposition of the penalty of removal was not an abuse of discretion.
 
 
 11
 Therefore, we must affirm the board's decision because it was not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, obtained without procedures required by law, rule, or regulation having been followed, nor otherwise not in accordance with law. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).