847 F.2d 842
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Allen R. BILGER, Lee B. Grubbs and Kaye C. Kisamore, Petitioners,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 87-3454.
 United States Court of Appeals, Federal Circuit.
 April 25, 1988.
 
 Before FRIEDMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and PAULINE NEWMAN, Circuit Judge.
 FRIEDMAN, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (Board), affirming the removal of two of the petitioners and the demotion of the third petitioner, for conduct adversely affecting public confidence in the integrity of the government, is affirmed.
 
 OPINION
 
 2
 * The Department of Justice removed the petitioners Grubbs and Kisamore from their positions in a federal correctional institution in Texas and demoted the petitioner Bilger to a nonsupervisory position there. The adverse action resulted from the petitioners' conduct in paying a fourth employee, Kruse (who also was removed but who is not a party to this appeal), $12,000 for removing from the facility sixty 55-gallon barrels of industrial waste. The payment was made to a ficticious company Kruse created. Kruse removed the barrels and unloaded them on property he owned. The State of Texas subsequently informed the facility that it had improperly disposed of hazardous waste. All of the petitioners had supervisory positions at the facility.
 
 
 3
 After a hearing, the Board's administrative judge upheld the removal and the demotion. The administrative judge held that the charges against the petitioners were established by preponderant evidence, that the petitioners' conduct violated federal conflict-of-interest regulations and that the penalty was reasonable in view of the seriousness of the offense.
 
 
 4
 The Board granted review and affirmed. The Board found it unnecessary to determine whether the petitioners' actions violated the conflict-of-interest regulations, since it found that those actions violated regulations prohibiting conduct adversely affecting public confidence in the integrity of the government.
 
 II
 
 5
 In their appeal to this court, the petitioners do not challenge the Board's findings or the reasonableness of the penalty. They challenge only the procedures the Board followed in reaching its decision.
 
 
 6
 A. The petitioners contend that they were denied a fair hearing and procedural due process because (1) prior to the hearing (a) there were impermissible ex parte contacts with the official who took the adverse action against them, (b) the agency failed to furnish them a copy of the regulation they were charged with violating, witness lists and documentary evidence and failed to comply timely and fully with discovery orders; and (2) at the hearing the administrative judge (a) erroneously denied the petitioners' motion for sanctions against the agency for these alleged defaults and (b) improperly admitted into evidence transcriptions of affidavits, improperly relied upon affidavits instead of testimony, and made improper credibility determinations.
 
 
 7
 As the Board explained in its comprehensive opinion, most of these rulings either constituted discretionary action by the administrative judge that did not involve an abuse of discretion or, if erroneous, were not shown to have been prejudicial. The Board also correctly pointed out that the petitioners had not shown any distinction between the regulation that was presented at the hearing (which they were found to have violated) and the earlier version of that regulation that the agency previously had furnished to them. Finally, the alleged ex parte contacts in this case were far different from those in Sullivan v. Department of the Navy, 720 F.2d 1266 (Fed.Cir.1983), upon which the petitioners relied. The communications in this case among the proposing official, the investigator, agency counsel and the deciding official did not constitute impermissible ex parte contacts. See Brewer v. American Battle Monuments Comm'n, 779 F.2d 663, 665 (Fed.Cir.1985); Gonzales v. Defense Logistics Agency, 772 F.2d 887, 892 (Fed.Cir.1985).
 
 
 8
 B. The petitioners further contend that the adverse actions against them were based upon a different violation than that charged in the notices of proposed removal. According to the petitioners, the original charge against them was that they had violated the conflict-of-interest regulation, but they were removed and demoted for violating the regulation prohibiting conduct adversely affecting public confidence in the integrity of the government.
 
 
 9
 The Board properly rejected this contention. As the Board pointed out, the notices of proposed removal explicitly charged petitioners with violating the latter regulation as well as the conflict-of-interest regulation. Since the Board held that the petitioners had violated the public confidence regulation--a ruling the petitioners do not challenge and one which supports their removal and demotion--the Board properly found it unnecessary to consider whether the petitioners also violated the conflict-of-interest regulation.