**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KRISTIN A. STRONG,
               Appellant,

      v.

FEDERAL DEPOSIT INSURANCE
    CORPORATION,
               Agency.

DOCKET NUMBER
CH-0752-19-0188-I-2

DATE: August 26, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>A. Brian Henson</u>, Esquire, and <u>Frank DeMelfi</u>, Esquire, Decatur, Georgia,
    for the appellant.

<u>William M. Edwards</u>, Esquire, Kansas City, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained her demotion to a nonmanagerial position at a different duty location and subsequent removal. On petition for review, the appellant argues that she did not engage in the conduct charged by the agency in the demotion action and that

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the penalty of removal was unreasonable, and she reasserts her affirmative defense of reprisal for filing equal employment opportunity (EEO) complaints. Petition for Review, Tab 1 at 6-17. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's discussion of the penalty of a demotion to a nonmanagerial position at a different duty location and to include the appropriate standard of causation for the appellant's EEO reprisal claim, we AFFIRM the initial decision.

The administrative judge correctly found that the agency proved the charges of inappropriate conduct and refusal to accept a directed assignment by preponderant evidence, and that the appellant's demotion to a nonmanagerial position at a different duty location and subsequent removal promoted the efficiency of the service and were reasonable. *Strong v. Federal Deposit Insurance*, MSPB Docket No. CH-0752-19-0188-I-2 Appeal File (AF), Tab 51, Initial Decision (ID) at 11-23. In analyzing the refusal to accept a directed assignment charge, although the administrative judge did not cite to our reviewing court's decision in *Cobert v. Miller*, 800 F.3d 1340 (Fed. Cir. 2015), which requires that the Board apply the two-step burden shifting approach

because it is the "law of the circuit," *id*. at 1349, he nonetheless applied the correct legal framework as similarly set forth by the Board in *Umshler v. Department of the Interior*, 44 M.S.P.R. 628, 630 (1990), ID at 20-21.

Although the appellant has submitted what appears to be a substantive petition for review, upon closer examination, the arguments in her petition for review are nearly identical to arguments made below before the administrative judge in her close of record brief. PFR File, Tab 1 at 6-17; AF, Tab 47 at 6-15. The Board has held that incorporating arguments made in a submission before the administrative judge fails to meet the Board's criteria for review because such a pleading "does not explain how or why the [administrative judge] erred." *See Mulroy v. Office of Personnel Management*, 92 M.S.P.R. 404, ¶ 15 (2002), *overruled on other grounds by Clark v. Office of Personnel Management*, 120 M.S.P.R. 440, ¶ 12 (2013); s*ee also Jackson v. Department of the Army*, 99 M.S.P.R. 604, ¶ 9 (2005) (finding that the standard for granting review was not met when the appellants disputed the administrative judge's factual findings by referencing their closing argument submitted below).

Nonetheless, we modify the initial decision in two regards. Regarding the penalty of demotion to a nonmanagerial position and subsequent reassignment to a different duty location, which was imposed as a result of a sustained inappropriate conduct charge, we find that, although not raised by either party, such a penalty constitutes a unitary penalty under *Brewer v. American Battle Monuments Commission*, 779 F.2d 663 (Fed. Cir. 1985). In *Brewer*, our reviewing court held that a reduction in grade and subsequent reassignment to another duty location, which resulted from the same misconduct and corresponding disciplinary action, constitute a unitary penalty, and that the Board must review the entire agency action to determine whether it is reasonable in light of the sustained misconduct. 779 F.2d at 664-65. Here, although the decision letter for the demotion did not directly reassign the appellant to a specific new position, it referenced a forthcoming letter that was issued the same day detailing

the reassignment. AF, Tab 6 at 12-13, Tab 30 at 5-7. Moreover, the appellant's position description indicated that she could be reassigned or relocated to any geographical location where her services were needed as determined by management. AF, Tab 5 at 77, 83. Further, the proposing official stated in an affidavit that the agency believed that having the appellant remain in the same work unit would be disruptive to the staff, given the circumstances surrounding her demotion, and would put at risk the mission-critical functions of the unit. *Id*. at 61. Based on the foregoing, we supplement the initial decision to find that the actions taken by the agency here constitute a unitary penalty of a demotion to a nonmanagerial position at a different duty location and that such a penalty was reasonable under the circumstances of this case.

We also modify the initial decision to reflect the appropriate standard of causation for the appellant's EEO reprisal claims. Below, the administrative judge concluded that the appellant failed to provide any evidence, beyond her conjecture, that her demotion and removal "were motivated to any extent by retaliatory or discriminatory animus." ID at 24. However, in *Pridgen v. Office of Management and Budget*, 2022 MSPB 36, ¶¶ 46-47, the Board held that, for an appellant to establish a claim of reprisal for EEO activity based on a disability, she must show that her protected activity is a but-for cause of the agency action.. Because the administrative judge correctly concluded that the appellant failed to meet a lower motivating factor standard, we find that she could not have met the higher but-for standard. *See Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 31-32 (modifying an initial decision to recognize that the more stringent but-for standard applied because an employee's EEO reprisal claim arose under the Rehabilitation Act, while affirming the administrative judge's conclusion that the employee failed to satisfy even the lesser "motivating factor" standard). Accordingly, we affirm the administrative judge's ultimate conclusion that the appellant did not prove this affirmative defense, but modify the initial decision to include the appropriate standard of causation as reflected here.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.