NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEFANI GIBSON,**
*Petitioner*

**v.**

**SECURITIES AND EXCHANGE COMMISSION,**
*Respondent*

---

2024-1484

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-15-0335-I-5.

---

Decided:  February 6, 2026

---

PETER BROIDA, Arlington, VA, argued for petitioner.

DANIEL BERTONI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent.  Also represented by ALBERT S. IAROSSI, PATRICIA M. MCCARTHY, BRETT SHUMATE, AMANDA TANTUM.

---

Before PROST, CUNNINGHAM, and STARK, *Circuit Judges.*

CUNNINGHAM, *Circuit Judge.*

Stefani Gibson petitions for review of a Merit Systems Protection Board ("Board") final order adopting the initial decision that affirmed an agency action indefinitely suspending her from her position of Personnel Security Specialist. Petitioner's Br. 1; *Gibson v. SEC*, No. DC-0752-15-0335-I-5 (M.S.P.B. Jan. 5, 2024) ("*Final Order*") (App'x 1); *Gibson v. SEC*, No. DC-0752-15-0335-I-5, 2017 WL 5710081 (M.S.P.B. Nov. 22, 2017) (App'x 2–19) ("*Initial Decision*"); *see also Gibson v. SEC*, No. DC-0752-15-0335-I-2 (M.S.P.B. June 1, 2016) ("*Amendment Order*") (App'x 20–24) (denying Ms. Gibson's request to amend her appeal to include Board review of the reassignment action).[1] For the reasons discussed below, we *affirm*.

## I. BACKGROUND

In July 2014, the Securities and Exchange Commission ("SEC") hired Ms. Gibson to work as a Personnel Security Specialist. *Initial Decision* at 6; App'x 52. "As a qualification for this position, [Ms. Gibson] was required to maintain a Top Secret security clearance." *Amendment Order* at 1; *Initial Decision* at 3. After Ms. Gibson was hired, the SEC obtained information regarding Ms. Gibson's hiring process, including that Ms. Gibson made certain misstatements and omissions in her application forms about her personal relationship with the selecting official for her

---

[1] We refer to the appendix filed by Ms. Gibson, *see* ECF No. 11, as "App'x" throughout this opinion. Citations to the Board's decisions in this opinion are to the versions included in Ms. Gibson's appendix. For example, *Final Order* at 1 is found at App'x 1; *Initial Decision* at 1 is found at App'x 2; and *Amendment Order* at 1 is found at App'x 20.

position, Mr. Cedric Drawhorn. *Initial Decision* at 5–6; App'x 52.

On December 2, 2014, as a result of Ms. Gibson's conduct and actions, the SEC suspended Ms. Gibson's Top Secret security clearance and consequently proposed to indefinitely suspend her from duty and pay. *Initial Decision* at 2–3; App'x 50–55; App'x 38–40. The SEC sustained the proposed penalty and indefinitely suspended Ms. Gibson's employment on January 8, 2015. *Initial Decision* at 4; App'x 41–46. On January 13, 2015, Ms. Gibson appealed her indefinite suspension to the Board, and that appeal was subsequently dismissed without prejudice based on the parties' joint request. *Amendment Order* at 1.

In October 2015, the SEC "decided to return Ms. Gibson to active duty" and reinstated her security clearance. App'x 49; App'x 37. The SEC indicated that it would "provide her with temporary duties pending permanent assignment." App'x 49. On October 31, 2015, Ms. Gibson refiled her appeal and amended her Board appeal to seek to challenge her reassignment. *Amendment Order* at 2; App'x 35–36. The SEC moved to dismiss Ms. Gibson's amendment on November 2, 2015. *Amendment Order* at 2. On November 12, 2015, the SEC formally notified Ms. Gibson that she was being reassigned to the position of Management Program Analyst at the same pay and grade. App'x 47–48.

On June 1, 2016, the administrative judge denied Ms. Gibson's request to amend, holding that "the Board lacks jurisdiction" over any challenge to her reassignment. *Amendment Order* at 5. In her request to amend, Ms. Gibson argued that "the suspension and subsequent reassignment must be examined under a 'unified penalty' analysis," and in turn, the Board "has jurisdiction to consider her affirmative defense claim that the [SEC] reassigned her in reprisal for her filing of this Board appeal." *Id.* at 3. The administrative judge rejected Ms. Gibson's argument that her suspension and reassignment constituted a "unified

penalty" pursuant to *Brewer v. American Battle Monuments Commission*, 779 F.2d 663, 664–65 (Fed. Cir. 1985), reasoning that "the suspension action was based on and resulted from [Ms. Gibson]'s lack of qualification for her position whereas the subsequent reassignment action was based on . . . findings that [Ms. Gibson] had provided inaccurate and/or inconsistent statements during the investigation related to the suspension of her security clearance." *Amendment Order* at 4–5.

On November 22, 2017, a different administrative judge affirmed the SEC's action indefinitely suspending Ms. Gibson from her position as a Personnel Security Specialist. *Initial Decision* at 1–17. The administrative judge's initial decision became the final decision of the Board on January 5, 2024, because there was no quorum. *Final Order* at 1; *see also* 5 C.F.R. § 1200.3(b).

Ms. Gibson petitions for review of the Board's *Final Order*, including the *Amendment Order* denying her request to amend her appeal to include a challenge to her reassignment. Petitioner's Br. 1. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).[2]

## II. STANDARD OF REVIEW

Our review of Board decisions is limited by statute. *See* 5 U.S.C. § 7703; *Archuleta v. Hopper*, 786 F.3d 1340, 1346 (Fed. Cir. 2015). We may only set aside agency actions,

---

[2]    *See Hendler v. United States*, 952 F.2d 1364, 1368 (Fed. Cir. 1991) ("As a general proposition, when a trial court disposes finally of a case, any interlocutory rulings 'merge' with the final judgment. Thus both the order finally disposing of the case and the interlocutory orders are reviewable on appeal."); *see generally Curtin v. Off. of Pers. Mgmt.*, 846 F.2d 1373, 1378–79 (Fed. Cir. 1988) (reviewing interlocutory rulings by the Board including rulings on motions to compel).

findings, or conclusions found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Archuleta*, 786 F.3d at 1346.

## III. DISCUSSION

Ms. Gibson argues that the Board erred as a matter of law by refusing to exercise jurisdiction over Ms. Gibson's reassignment. Petitioner's Br. 12. Specifically, Ms. Gibson argues that because the reasons for Ms. Gibson's reassignment were "closely linked" to the reasons underlying her indefinite suspension, her indefinite suspension and reassignment constitute a "unified penalty" under *Brewer*. *Id.* We disagree.

Pursuant to 5 U.S.C. § 7512, a suspension for more than 14 days is appealable to the Board. 5 U.S.C. § 7512(2). However, "the Board normally lacks jurisdiction to review the reassignment of an employee who does not suffer a loss of grade or pay." *Walker v. Dep't of the Navy*, 106 F.3d 1582, 1584 (Fed. Cir. 1997); *see* 5 U.S.C. § 7512. Therefore, the only way for the Board to exercise jurisdiction over Ms. Gibson's reassignment is if her reassignment and indefinite suspension constituted "a unified penalty arising out of the set of circumstances of which [Ms. Gibson] was found culpable." *Brewer*, 779 F.2d at 664; *Archuleta*, 786 F.3d at 1350 ("[T]his court has recognized that the Board has jurisdiction to review a 'unitary penalty' arising out of the same set of circumstances.").

The Board did not err in declining to exercise jurisdiction over Ms. Gibson's reassignment. The Board concluded that it lacked jurisdiction over any challenge to Ms. Gibson's reassignment because whereas the suspension arose from Ms. Gibson's inability to perform her role without a security clearance, the reassignment was based on her "inaccurate and/or inconsistent statements during the

investigation related to the suspension of her security clearance." *Amendment Order* at 4–5. This latter factual finding is supported by substantial evidence. *See, e.g.,* App'x 39 ("A requirement of [Ms. Gibson's] position is that [she] maintain[s] the ability to access classified information and that [she] maintain[s] a security clearance."); App'x 42–43 (same); App'x 47 (noting that Ms. Gibson "(1) failed to mention foreign trips on her SF-86 and was not truthful in her answers; (2) denied, in error, editing and reviewing SEC work product prior to her SEC employment; (3) provided two different accounts concerning her receipt of payments from Mr. Drawhorn to store his belongings in her home; and (4) provided statements that conflicted with those provided by her supervisor Kelly Gibbs.").

Thus, this case is distinguishable from *Brewer*. In *Brewer*, the agency reassigned and demoted in grade the appellant after he lost government property and violated two agency regulations. *Brewer*, 779 F.2d at 663–64. The Board "held that it was without jurisdiction to review the transfer, on the basis of the agency's assertions that the transfer was not part of the penalty but rather a management decision independent of the asserted wrongdoing." *Id.* at 664. We vacated and remanded the Board's decision because "[t]he record consistently refer[red] to the demotion and reassignment as a unified penalty arising out of the set of circumstances of which [the appellant] was found culpable." *Id.* There is no such indication in the record here. By contrast, the indefinite suspension and reassignment here do not constitute a unified penalty because the indefinite suspension and reassignment do not "aris[e] out of the set of circumstances of which [Ms. Gibson] was found culpable." *Id.* Accordingly, the Board did not commit reversible error in determining that there was no unified penalty.

## IV. CONCLUSION

We have considered Ms. Gibson's remaining arguments and find them unpersuasive. For the reasons above, we *affirm*.

**AFFIRMED**